IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AMBROSIO ROUSE, Ph.D.,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   2:06-cv-566 |
| **II-VI, INCORPORATED, BRUCE** | ) |
| **GLICK, individually, CSABA SZELES,** | ) |
| **individually, KERRY COURTNEY,** | ) |
| **individually, X, Y, and Z, individually,** | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM ORDER**

Presently before the Court in this employment discrimination case are PLAINTIFF'S MOTION TO COMPEL (Document No. 37) and PLAINTIFF'S MOTION FOR MODIFICATION OF PROTECTIVE ORDER (Document No. 42). The matter has been briefed (Document Nos. 38, 41, 43, 44) and is ripe for disposition, as set forth in the Status Reports submitted by the parties on September 6 and 11, 2007 (Document Nos. 47, 48).

**DISCUSSION**

Motion to Compel

Plaintiff, who is pro se, contends that Defendants have not fully complied with his document requests. Specifically, Plaintiff points to the following categories of documents: (A) documents from 2000-2005 concerning demotion and/or discipline of employees; (B) copies of experimental reports on the C, Y and Z drives that Plaintiff submitted as part of his yearly

1

Performance Appraisal Evaluation; (C) copies of experimental reports on the C, Y and Z drives that Plaintiff submitted as part of his job duties; (D) copies of all intra-company messages and emails, including those deleted, of specified individuals; and (E) copies of all Manufacturing Work/Trial Request Forms between 2003-2004 submitted as part of his job duties and yearly performance appraisal. Plaintiff further contends that Defendants' responses to Interrogatories and Requests for Admission have been generic and evasive.

Defendants first respond that pursuant to the Court's Case Management Order, discovery concluded on August 31, 2007. The Court notes that Plaintiff's Motion to Compel was filed well before the deadline. Defendants also represent that they have responded to nineteen discovery requests, recovered documents from backup tapes, been made available for four depositions, and attempted to work out the remaining discovery disputes. Defendants assert that they have fully responded to Plaintiff's discovery requests and interposed appropriate objections. Defendants then recount their efforts to obtain archival data from the backup tape of August 31, 2004. Backup tapes prior to August 2004 exist, but are in an older format that the company cannot recover without the services of an outside consultant at anticipated great expense and time commitment.

With this background, the Court turns to the remaining areas of contention regarding discovery, as identified in Plaintiff's Status Report:

A.   Documents Regarding Demotion and/or Discipline

The Court agrees with Defendants that this request is overbroad. Plaintiff has not claimed that he was demoted, and the Defendants' asserted basis for the termination was his poor performance. The demotion and/or discipline of other employees is irrelevant, unless such

2

employees are "similarly situated" to Plaintiff. If another employee in a similar job, with a similar performance record, received disparate treatment in 2003 or 2004 from the same decision-maker(s) who terminated Rouse's employment, such documents would be relevant and must be produced.

B,C.   Experimental Reports

Defendants represented that they will produce such documents, should any be recovered. Defendants further explained that no such documents have been located to date because Rouse's personal computer was reformatted before it was given to another employee and no backup was maintained. A court order cannot make the documents come back into existence. In accordance with the foregoing, this aspect of the Motion to Compel is denied.

D.   Intra-Company Emails

The Court agrees with Defendants that this request is substantially overbroad, in that not all of the emails generated by the named individuals are relevant to the issues in this case. The Court further agrees that the time frame must be limited to the 300 days prior to Rouse filing the EEOC charge. Defendant explains that it was able to recover the email accounts of the named individuals from the August 31, 2004 tape and that it produced all documents containing the key words: "Ambrosio," "Rouse," and/or his initials. The Court concludes that this search was satisfactory, given the circumstances of this case.

3

E.	Manufacturing Work/Trial Request Forms

Defendants assert that they have no idea what type of documents are contained within this category. The Court is somewhat skeptical of Defendants' professed ignorance, particularly given the representation that the parties have met to try to resolve the outstanding discovery issues. However, Defendants have also represented that they have produced ***all*** documents pertaining to Rouse's performance appraisals. Accordingly, the Manufacturing Work/Trial Request Forms which were attached to the performance appraisals have been provided to Plaintiff. Because this case involves the termination of Rouse's employment, assertedly due to poor performance, those are likely the most relevant documents. However, if Rouse is able to more clearly describe the type of document he is seeking, Defendants shall produce all such documents that were prepared in 2003-2004.

In accordance with the foregoing, PLAINTIFF'S MOTION TO COMPEL (Document No. 37) is **GRANTED IN PART AND DENIED IN PART.** Defendants shall produce any documents required to comply with this Order on or before October 17, 2007.

Motion to Modify Protective Order

On July 17, 2007, Defendants requested the entry of a protective order to maintain the confidentiality of their trade secret information. On July 19, 2007, the Court granted the motion, without affording Plaintiff the opportunity to be heard. Such protective orders are a routine and commonplace matter in this type of litigation.

Plaintiff states that "he respects the confidentiality of the Defendants' trade secrets and confidential information and will not compromise them." However, he "objects in principle" to

4

the terms of the current Protective Order.  Specifically, Plaintiff proposes that the terms "Document," "Testimony," and "Qualified Person(s)" be modified, such that the Protective Order would apply only prospectively.

The Court cannot agree with Plaintiff's proposed modifications.  The definition of information that is deserving of protection cannot be dependent upon when such information was obtained, but rather by the harm that might be caused by disclosure to third parties, such as Defendants' competitors.  Plaintiff's proposed revisions would create a loophole that would frustrate the intent and application of the Protective Order.  The Protective Order is not likely to cause any impediment to the litigation of this case.  Indeed, the Protective Order, by its terms, contains sufficient opportunities to present challenges or seek modifications of its terms if such becomes necessary.  Accordingly,  PLAINTIFF'S MOTION FOR MODIFICATION OF PROTECTIVE ORDER (Document No. 42) is **DENIED**.

In conformance with Local Rule 56.1, **Motions for Summary Judgment** with affidavits, evidentiary material, statement of undisputed material facts and accompanying brief(s) shall be filed on or before **November 30, 2007.  A Response to said motion and seriatim reply to the statement of undisputed material facts with accompanying brief shall be filed on or before December 31, 2007**.  Briefs shall not exceed twenty (20) pages, excluding the statement of undisputed material facts and tables/exhibits.  Reply briefs are not encouraged, but may be filed without leave of Court within 5 days of the filing of the Response and shall not exceed 5 pages.

The Court will order pretrial statements and schedule a pretrial conference after ruling on the Motion(s) for Summary Judgment.

SO ORDERED this 1st day of October, 2007.

BY THE COURT

s/ Terrence F. McVerry
United States District Court Judge

cc: Ambrosio Rouse, Ph.D./**VIA REGULAR AND CERTIFIED U.S. MAIL, RETURN RECEIPT REQUESTED**
2770 St. Andrews Square
Apt #2117
Allison Park, PA   15101

Samuel J. Pasquarelli, Esquire
Email: sjp@sgkpc.com
Jennifer R. Andrade, Esquire
Email: jandrade@sgkpc.com