# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMBROSIA ROUSE, Ph.D, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02: 06cv0566 |
| | ) | |
| II-VI INCORPORATED; | ) | |
| BRUCE GLICK, individually; | ) | |
| CSABA SZELES, individually; | ) | |
| KERRY COURTNEY, individually; | ) | |
| CARL JOHNSON, individually; | ) | |
| MARLENE ACRE, individually; and | ) | |
| FRANCIS KRAMER, individually, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Presently before the Court for disposition is the MOTION TO STRIKE PORTIONS OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, PORTIONS OF DEFENDANTS' MEMORANDUM IN SUPPORT OF SUMMARY JUDGMENT, SPECIFIC EXHIBITS AND PORTIONS OF DEFENDANTS' STATEMENTS OF UNDISPUTED FACTS, with brief in support, filed by Plaintiff, Ambrosia Rouse, Ph.D., pro se *(Documents No. 61 and 62)*, the RESPONSE in opposition filed by Defendants (*Document No. 67*), and the REPLY BRIEF filed by Plaintiff (*Document No. 68*).

Plaintiff objects to eighteen (18) documents Defendants have submitted in support of their motion for summary judgment on the grounds of (i) improper authentication and (ii) hearsay. After careful review of each of the documents and the arguments of the parties, the Court will deny the Motion to Strike.

Authentication Objection - Plaintiff lodges an authentication objection to Exhibits A, K, O, P, Q, R, S, T, AA, BB, CC, DD, EE, FF, GG, JJ, KK, and LL .

It is undisputed that Exhibits A, K, O, P, Q, R, S, T, JJ, and KK were produced by Defendants during discovery in this lawsuit. A party to litigation that produces documents during discovery in that litigation thereby authenticates the documents it has produced. *McQueeney v. Wilmington Trust Co.*, 779 F.2d 916, 928 (3d Cir. 1985). Additionally, Exhibits K, P, and R are emails and/or documents that Plaintiff wrote while he was an employee with Defendant II-VI.

Plaintiff's objections to Exhibits AA, BB, CC, DD, EE, FF, GG, and LL can also be easily rejected. Each of those Exhibits is a pleading or court document related to Plaintiff's two other lawsuits which stem from the facts asserted in this case. Such documents are a matter of public record and, therefore, the Court may take judicial notice of them. *See Oran v. Stafford*, 226 F.3d 275, 288 (3d Cir. 2000).

Accordingly, Plaintiff's authentication objection to Exhibits A, K, O, P, Q, R, S, T, AA, BB, CC, DD, EE, FF, GG, JJ, KK, and LL is **DENIED.**

Hearsay Objection - Plaintiff also moves to strike Exhibits A, K, O, P, Q, R, S, T, AA, BB, CC, DD, EE, FF, GG, JJ, KK, and LL on the basis that Defendants' reference to these documents constitutes inadmissible hearsay. However, after a review of the documents, the Court finds that the material to which Plaintiff objects would be admissible at trial under a hearsay exception, or is not hearsay at all. For example, Exhibits A, O, S, T, JJ, and KK are all admissible under the business records exception to the hearsay rule. Fed. R. Evid. 803(6).

Further, Exhibits A, O, S, T, JJ, and KK were produced in response to Plaintiff's discovery requests as part of his personnel file, which indicates that such documents were made and kept in the regular course of business. The Court has no doubt that Defendants will be able at trial to lay the proper foundation for admission of these documents under the business records exception to the hearsay rule.

Further, in addition to Rule 803(6), the content of Exhibits K, O, P, Q, R, S, and T are admissible as non-hearsay as an admission by a party-opponent and/or adoptive admission pursuant to Federal Rule of Evidence 801(d)(2)(A) and (B). The content of Exhibits K, O, P, Q, R, S, and T are clearly statements of the parties themselves and constitute admissions by party-opponents. In addition, the statements contained in Exhibits O and P consist of a document signed by Plaintiff and a document that Plaintiff has admitted to authoring. Thus, these documents indicate Plaintiff's adoption of the contents of the documents. *See McQueeney*, 79 F.2d at 930 (holding that document signed by a party-opponent constituted an adoptive admission under Rule 801(d)(2)(B) and admitting document as non-hearsay). Consequently, Exhibits O and P are admissible as the adoptive admission of a party-opponent.

Finally, Plaintiff's hearsay objection to the court documents submitted by Defendants is overruled because Defendants represent to the Court that they are relying on these documents for non-hearsay purposes.

For all these reasons, Plaintiff's Motion to Strike is **DENIED.**

So **ORDERED** this 11th day of February, 2008.

BY THE COURT:
s/Terrence F. McVerry
United States District Court Judge

cc: Ambrosio Rouse
2770 St. Andrews Square
Apt #2117
Allison Park, PA 15101

Beverly A. Block, Esquire
Sherrard, German & Kelly, P.C.
Email: bab@sgkpc.com

Samuel J. Pasquarelli, Esquire
Sherrard, German and Kelly
Email: sjp@sgkpc.com